■ AARON SCHROEDER, Appellant, v. MUSICOR RECORD CORPORATION, Respondent.— Judgment, Supreme Court, New York County, entered January 11, 1973, after a nonjury trial, unanimously reversed, on the law and the facts, and vacated, judgment awarded to plaintiff, and case remanded for an assessment of damages. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff on May 8, 1964, sold his 50% interest in defendant corporation to Arthur Talmadge, who owned the balance of the stock. Musicor was engaged in the business of recording songs and its sole asset was a contract with one Pitney, a singer. On the same date plaintiff entered into a contract with Musicor to act as producer for recordings by Pitney at an agreed fee plus a royalty based on sales of records. The contract provided that plaintiff should be hired as producer for at least half of the recordings. This agreement was adhered to until December, 1964, when Talmadge demanded that changes be made in the producer's contract. No changes agreeable to both parties being reached, defendant successfully prevented plaintiff from participation in further recordings. Defendant sought to excuse its apparent breach on the grounds that Pitney refused to make any records pursuant to plaintiff's production. It is not necessary to come to grips with the general question of the validity of a defense based upon the refusal of a third party to perform. The record shows conclusively that before Talmadge entered into the purchase agreement and before Musicor entered into the producing agreement, Talmadge was aware that Pitney and plaintiff were having disputes as to the share of Pitney's earnings plaintiff was receiving through management contracts. Talmadge demanded that Pitney and plaintiff settle these disputes, and their settlement agreement was approved by Talmadge's attorney. Talmadge then bound Pitney to himself by giving Pitney a substantial interest in a corporation owned by Talmadge which acquired the Musicor stock. Thereafter Talmadge discovered that Musicor could make records cheaper without plaintiff's services. Talmadge and Musicor were consequently completely aware of the situation between Pitney and plaintiff when the contract was entered into, and there is no suggestion that plaintiff failed in any way to abide by the settlement made. Furthermore, the relationship established among Pitney, Talmadge and Musicor makes any possible defense based on Pitney's failure to co-operate unavailable. Initially plaintiff sought specific performance but now recognizes that damages will provide adequate relief. That relief would be the periodic salary payments for the term of the contract, the royalties realized from the records produced by plaintiff, plus the royalties from one half of the records made by Pitney during the contract period, less the number that plaintiff produced. Concur — Markewich, J. P., Kupferman, Steuer and Tilzer, JJ.